FIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ROXANNE ARIAS,<br>    PLAINTIFF, | |
| v. | CASE NO.:  3:23-cv-152 |
| IMPACT RECEIVABLES MANAGEMENT, LLC, and<br>RLI INSURANCE COMPANY,<br>    DEFENDANTS. | |

## COMPLAINT AND JURY DEMAND

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Texas Finance Code by Impact Receivables Management, LLC (hereinafter referred to as "Impact").

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that defendants transact business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this District.

### PARTIES

6. Plaintiff, Roxanne Arias ("Plaintiff"), is an adult individual residing in El Paso, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. Impact is a Texas company doing business from its principal place of business at 11104 W. Airport Blvd., Suite 199, Stafford, TX 77477.

8. Impact can be served in Texas via its registered agent, Victor G. Toache, at 11104 W. Airport Blvd., Suite 199, Stafford, TX 77477.

9. As will be described below, Impact attempted to collect a past due account from Plaintiff.

10. Additionally, Impact advertises on its website (http://www.impactreceivablesmanagement.com/about) (last visited March 21, 2023):

    > Our priority is to recover outstanding balances with tact and professionalism, returning the money you are owed as quickly as possible.

11. On another page of its website (http://www.impactreceivablesmanagement.com/) (last visited March 21, 2023):

    > Our team delivers results you can clearly measure. You'll see the value of our well-defined systems and professional collection efforts on an ongoing basis.

12. The principal purpose of Impact is the collection of debts by using the mails and telephone and other means.

13. Impact regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

14. Impact is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as that term is defined by Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tx. Fin. Code § 392.001(7).

15. Defendant RLI Insurance Company ("RLI") is a surety company for a bond Impact has on file with the Texas Secretary of State, bond number LSM1652830. Thus, RLI is liable for

acts committed by Impact pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

16. RLI is a foreign entity that can be served in the state of Texas via its registered agent, Corporation Service Company, at 211 E. 7th St., Suite 620, Austin, TX  78701.

## FACTUAL ALLEGATIONS

17. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on an allegedly unpaid apartment rental debt (hereinafter the "Account").  The funds from the alleged Account was used to pay for personal housing, and was not used for any business or commercial purposes.

18. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

19. The Account allegedly went into default with the original creditor.

20. After the Account allegedly went into default, the Account was transferred to Impact for collection.

21. Plaintiff admits the existence of the Account, but disputes the amount Impact attempted to collect from her.

22. Plaintiff requests that Impact cease all further communications regarding the Account.

23. Prior to March 2023, Plaintiff and the original creditor disagreed as to the amount of charges the original creditor demanded that Plaintiff pay after Plaintiff no longer lived in the apartment at issue.

24. Then, on or about March 15, 2023, Impact began a harassing collection campaign by calling Plaintiff at 7:08 a.m. at Plaintiff's location at the time of the call – Texas.

25. Plaintiff has a Texas address, has a Texas phone number and Impact was collecting on a debt allegedly incurred in connection with an apartment located in Texas.

26. Impact did not have consent from Plaintiff to call her at 7:08 a.m.

27. The time at which Impact called Plaintiff was inconvenient, and, according to 15 U.S.C. § 1692c(a)(1), Impact is presumed to know that calls at such time is inconvenient.

28. Impact's collection practices caused Plaintiff to suffer significant disruption to her personal routine, invasion of privacy and loss of sleep.

29. The telephone calls described above each constituted a "communication" as defined by FDCPA § 1692a(2).

30. The only reason that Impact and/or its representative(s), employee(s) and/or agent(s) made telephone call(s) to, or received telephone calls from, Plaintiff was to attempt to collect the Account.

31. The only reason that Impact and/or its representative(s), employee(s) and/or agent(s) had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

32. All of the conduct by Impact and/or its respective representative(s), employee(s) and/or agent(s) alleged in the preceding paragraphs was done knowingly and willfully.

33. As a consequence of Defendant's collection activities and communication(s), Plaintiff seeks statutory and actual damages as well as an injunction and attorneys fees and costs.

## RESPONDEAT SUPERIOR

34. The representative(s) and/or collector(s) at Impact were employee(s) and/or agents of Impact at all times mentioned herein and were acting within the course of their

employment at all times mentioned herein and were under the direct supervision and control of Impact at all times mentioned herein.

35. The actions of the representative(s) and/or collector(s) at Impact are imputed to their employer, Impact.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. §1692, et seq. BY IMPACT RECEIVABLES MANAGEMENT, LLC

36. The previous paragraphs are incorporated into this Count as if set forth in full.

37. The act(s) and omission(s) of Impact and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(a)(1) and § 1692d(5).

38. Pursuant to 15 U.S.C. §1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Impact.

### COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE BY IMPACT RECEIVABLES MANAGEMENT, LLC

39. The previous paragraphs are incorporated into this Count as if set forth in full.

40. The act(s) and omission(s) of Impact and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.302(4).

41. Pursuant to Tex. Fin. Code §392.403(a)(1), Plaintiff seeks an injunction against Impact enjoining it from future violations of the Texas Finance Code as described herein.

42. Pursuant to Tex. Fin. Code §392.403(a)(2) Plaintiff seeks damages from Impact.

43. Pursuant to Tex. Fin. Code §392.403(b) Plaintiff seeks attorney's fees and costs from Impact.

### COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY IMPACT RECEIVABLES MANAGEMENT, LLC

44. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating

all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Impact is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion). Impact intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

45. Plaintiff suffered actual damages from Impact as a result of the intrusion on Plaintiff's privacy.

### COUNT IV: IMPUTED LIABILITY OF THE RLI INSURANCE COMPANY FOR LIABILITY OF IMPACT RECEIVABLES MANAGEMENT, LLC

46. The previous paragraphs are incorporated into this Count as if set forth in full.

47. The act(s) and omission(s) of Impact and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.302(4) are imputed to RLI pursuant to Tex. Fin. Code § 392.102.

48. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from RLI.

### JURY TRIAL DEMAND

49. Plaintiff is entitled to and hereby demands a trial by jury.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

50. Judgment in favor of Plaintiff and against Impact Recovery Group LLC as follows:

    a. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d.  Actual damages pursuant to Tex. Fin. Code §392.403(a)(2);

    e.  An injunction permanently enjoining Impact following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code §392.403(a)(1);

    f.  Reasonable attorneys fees and costs pursuant to Tex. Fin. Code §392.403(b);

    g.  Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

    h.  Such other and further relief as the Court deems just and proper.

51. Judgment in favor of Plaintiff and against The Cincinnati Insurance Company as follows:

    a.  Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

    b.  Such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    THE**WOOD**FIRM, PLLC

    /s/ Jeffrey D. Wood
    Jeffrey D. Wood, Esq.
    ArkBN: 2006164
    11610 Pleasant Ridge Rd.
    Suite 103, Box 208
    Little Rock, AR 72223
    TEL: 214-914-8374
    FAX: 888-598-9022
    EMAIL: jeff@jeffwoodlaw.com
    Attorney for Plaintiff